NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE LUIZ COSTA SOARES, <br><br>             Petitioner-Appellant, <br><br>    v. <br><br> CHAD F. WOLF, Acting Secretary of the Department of Homeland Security; WILLIAM P. BARR, Attorney General; DAVID MARIN, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIELA VALDEZ, Assistant Field Office Director, Adelanto Facility; WARDEN, Geo Group, Adelanto Detention Facility, <br><br>             Respondents-Appellees. | No.    19-56332 <br><br> D.C. No. <br> 5:19-cv-01418-ODW-JC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted November 9, 2020**

Before:   THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Andre Luiz Costa Soares appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), and we affirm.

The district court did not err in requiring prudential exhaustion of Costa Soares's administrative remedies, where his claim of citizenship rests on disputed questions of fact and proceedings before the agency are ongoing. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) ("Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)); *see also Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) ("If a petitioner fails to exhaust prudentially required administrative remedies, then a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." (citation and internal quotation marks omitted)). The record does not support Costa Soares' contention that exhausting administrative proceedings would be futile. *See Hernandez*, 872 F.3d at 988 ("a court may waive the prudential

exhaustion requirement if . . . pursuit of administrative remedies would be a futile gesture").

Appellees' motion to take judicial notice (Docket Entry No. 29) is granted. Appellant's motion to take judicial notice (Docket Entry No. 32) is denied. Appellant's motion to expedite (Docket Entry No. 35) is denied as unnecessary.

**AFFIRMED.**